IN THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

Case No. _____

BELINDA COENEN,
PETE MATISOO,
ANDY MAYER,
KATHLEEN MURRAY,
CARL POLK, and
HOWDY RUSSELL,

        Plaintiffs,

v.

MIKE HOGAN, in his official capacity as
Duval County Supervisor of Elections,

        Defendant.

_____/

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

COME NOW Plaintiff BELINDA COENEN, PETE MATISOO, ANDY MAYER, KATHLEEN MURRAY, CARL POLK, and HOWDY RUSSELL ("Plaintiffs"), and file this Complaint for Injunctive and Declaratory Relief against Defendant, MIKE HOGAN, in his official capacity as Duval County Supervisor of Elections ("Defendant"), and allege as follows:

Introduction

1. This action arises out of the Defendant's unlawful and discriminatory redrawing of voting precincts within Duval County, Florida, which violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Parties

2. Plaintiff, Belinda Coenen, is a registered voter and resident of Duval County, Florida.

Complaint for Injunctive and Declaratory Relief
Page 1 of 6



3. Plaintiff, PETE MATISOO, is a registered voter and resident of Duval County, Florida.

4. Plaintiff, ANDY MAYER, is a registered voter and resident of Duval County, Florida.

5. Plaintiff, KATHLEEN MURRAY, is a registered voter and resident of Duval County, Florida.

6. Plaintiff, CARL POLK, is a registered voter and resident of Duval County, Florida.

7. Plaintiff, HOWDY RUSSELL, is a registered voter and resident of Duval County, Florida.

8. Defendant MIKE HOGAN, in his official capacity of Duval County Supervisor of Elections, is the local government official responsible for the administration and management of elections within Duval County, Florida, including the establishment and maintenance of voting precincts, and is sued in his official capacity. Mr. Hogan can be served at 105 East Monroe Street, Jacksonville, Florida, 32202.

## Jurisdiction and Venue

9. This Court has jurisdiction over this action pursuant to article V, section 5 of the Florida Constitution and sections 26.012 and 86.011, Florida Statutes.

10. Venue is proper in Duval County pursuant to section 47.011, Florida Statutes, because the Defendant resides and maintains his principal place of business in Duval County.

## Facts

11. The Defendant is responsible for establishing and maintaining voting precincts in Duval County.

12. Duval County is politically subdivided into fourteen Districts, each with an approximately equal number of residents.



13. The Defendant has established a different number of voting precincts in each electoral District within Duval County, even though the population of each District is approximately the same.

14. The number of voting precincts in the electoral Districts within Duval County ranges from 10 precincts in District 4 to 19 precincts in District 10, resulting in an unequal distribution of voting precincts across the Districts.

15. In other words, some Districts have twice as many voting precincts as other Districts.

16. Districts with fewer voting precincts experience longer wait times, reduced accessibility, and increased difficulties for voters seeking to exercise their right to vote.

17. This unequal distribution of voting precincts disproportionately burdens voters in Districts with fewer precincts, effectively limiting their access to the voting process and infringing upon their right to participate in the democratic process.

18. The Defendant's actions in establishing and maintaining an unequal number of voting precincts in each electoral District within Duval County are arbitrary and lack any rational basis, and thus violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

19. The right to vote is a fundamental right.

20. As a result of the Defendant's conduct, Plaintiffs have been required to incur reasonable attorney fees and costs in prosecuting this action.

## VIOLATION OF EQUAL PROTECTION

21. The Equal Protection Clause of the Florida Constitution, article I, section 2, provides "[a]ll natural persons, female and male alike, are equal before the law[.]"



22. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution guarantees that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

23. There is no rational basis to provide citizens of one Duval County District more or fewer voting precincts than citizens living in another District, when the Districts contain roughly the same numbers of citizens.

24. Even more irrationally, some Districts with the largest number of precincts are also graphically the smallest Districts. Therefore, voters in smaller geographic Districts enjoy more convenience, shorter wait times, and more realistic alternatives in the event of problems, than do voters in larger Districts with fewer precincts, who face the opposite situation.

25. The current assignment of precincts appears designed to favor one political party over another.

26. The Defendant's establishment and maintenance of an unequal number of voting precincts across the electoral Districts within Duval County, despite the population of each District being approximately the same, violates the Equal Protection Clauses of the Florida Constitution as well as the United States Constitution.

27. The Defendant's actions place a disproportionate burden on voters in Districts with fewer precincts, which results in longer wait times, reduced accessibility, and increased difficulties for voters seeking to exercise their right to vote.

28. The Defendant's actions in establishing and maintaining an unequal number of voting precincts lack any rational basis and are arbitrary, resulting in a violation of the Equal Protection Clause of the Fourteenth Amendment.



29. There is a genuine and existing legal dispute or controversy between the parties. The controversy involves legal rights, obligations, or interests that requires clarification or resolution by the Court.

30. The controversy involves the determination of rights, status, or legal relationships of the parties. The controversy is not a mere theoretical or hypothetical dispute, but one that has practical consequences or affects the parties' rights moving forward.

31. There is no adequate alternative legal remedy available to address the controversy.

32. The Plaintiffs will suffer irreparable harm absent affirmative injunctive relief.

33. The public interest favors an affirmative injunction.

34. Plaintiffs seek declaratory and injunctive relief in the alternative.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that the Defendant's establishment and maintenance of an unequal number of voting precincts in the electoral Districts within Duval County violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and/or

B. Issue a preliminary and permanent injunction enjoining the Defendant from continuing to maintain an unequal number of voting precincts in the electoral Districts within Duval County;

C. Order the Defendant to redraw voting precincts in Duval County in a manner that ensures equal access to the voting process for all voters, regardless of their electoral District;

D. Award Plaintiffs their costs and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988 and any other applicable law; and

E. Grant such other and further relief as this Court deems just and proper.



DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 28th day of June, 2023.

Childers Law, LLC
2135 NW 40th Terrace, Suite B
Gainesville, Florida 32605
tel 866-996-6104  fax 407-209-3870
net jchilders@smartbizlaw.com

/s/Seldon J. Childers
Seldon J. Childers
Florida Bar No. 61112

*Attorney for Plaintiffs*

